UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BERRY,<br><br>      Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>      Defendants | Case No.: 3:22-cv-00079-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1-1, 12 |

This Report and Recommendation is made to the Honorable Anne T. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 12) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $3.15, and his average monthly deposits were $73.78.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $14.76 (20 percent of $73.78) Thereafter, whenever his

prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants the State of Nevada, Travis Lucia, Washoe County and Parole and Probation. (ECF No. 1-1 at 2.)

First, Plaintiff alleges that on January 8, 2019, Deputy District Attorney Travis Lucia violated his rights by recommending a consecutive sentence in contradiction to the plea agreement which provided for a concurrent sentence. Plaintiff asserts that the Supreme Court eventually changed the sentence to run concurrent. However, by this time, Plaintiff had already

served the sentence consecutively, and he served an extra eight months in prison. Plaintiff asserts that Lucia works for the State of Nevada, who was responsible for his actions, which resulted in his serving an extra eight months in prison.

State prosecutors are absolutely immune from section 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" or phrased differently, "when performing the traditional functions of an advocate." *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). Recommending a sentence is part of the traditional function of an advocate. Therefore, Lucia is entitled to absolute immunity, and Plaintiff's claim against him should be dismissed with prejudice.

Insofar as Plaintiff sues the State of Nevada, states are not persons for purposes of section 1983, and the State is immune from suit under the Eleventh Amendment. *See* U.S. Const. amend. XI; *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Therefore, the action should be dismissed with prejudice as to the State of Nevada.

Second, Plaintiff avers that his counsel Lorena Valencia failed to object to the breach of the plea agreement and violated his right to ineffective assistance of counsel. As a result, he served an extra eight months in prison. Plaintiff claims that Washoe County is responsible for providing him with ineffective counsel.

Plaintiff's criminal defense counsel, whether a public defender or private attorney, when acting in the role of advocate, is not a State actor for purposes of section 1983. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) (claim of ineffective assistance of a retained trial attorney was not a

5

cognizable claim under section 1983 because "an attorney, whether retained or appointed, does not act 'under color of state law.'").

To the extent Plaintiff seeks to assert a Sixth Amendment ineffective assistance of counsel argument against Valencia, such a claim must be raised in a direct appeal, post-conviction or habeas proceeding, and not in an action pursuant to section 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

The action should be dismissed against Valencia with prejudice insofar as Plaintiff sues Valencia under section 1983, but without prejudice insofar as Plaintiff may seek relief via a direct appeal of his conviction, a State habeas proceeding, or federal habeas proceeding after he has sought and been denied habeas relief in State court. *See Morgano v. Smith*, 879 P.2d 735 n. 3, 110 Nev. 1025 (1994); Nev. Rev. Stat. 34.810(1)(b); Nev. Rev. Stat. 34.720, *et. seq.*; *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); 28 U.S.C. §§ 2241-66.

To the extent Plaintiff sues Washoe County for Lorena Valencia's conduct, Washoe County should also be dismissed. Municipalities can be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria,* 915F.3d 592, 602-03 (9th Cir. 2019). A municipality may not be sued under a respondeat superior theory. *Id.* at 603 (citing *Monell*, 436 U.S. at 693-95). "A plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)).

To the extent Plaintiff seeks to hold Washoe County liable on a theory of respondeat superior, his action should be dismissed as to Washoe County. The dismissal of Washoe County should be without prejudice only insofar as Plaintiff's ineffective assistance of counsel claim may be raised through the mechanisms described above.

Third, Plaintiff alleges that when he was improperly sentenced consecutively, it moved his parole date to March 8, 2021. However, he was not seen by the parole board, and no decision was ever made. Plaintiff expired the sentence for the first case, and the parole board says that because the sentence expired no decision was needed. Plaintiff claims that by not making a decision on his parole, the Division of Parole and Probation violated his due process rights. As a result, Plaintiff claims he is serving more time in prison.

Nevada's Division of Parole and Probation is an agency that is an arm of the state and is immune from suit section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Savage v. Glendale Union High School,* 343 F.3d 1036, 1040 (9th Cir. 2003); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Therefore, Plaintiff's complaint should be dismissed with prejudice as to the Division of Parole and Probation.

Leave to amend to name the individual parole board officials would be futile because parole board members serve in a quasi-judicial function, and so like judges, are entitled to absolute immunity for conduct undertaken with respect to parole determinations. *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 12); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $14.76, within thirty

days of the entry of any order adopting and accepting this Report and Recommendation Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE** as to Lucia, the State of Nevada and the Division of Parole and Probation. The action should be **WITH PREJUDICE** insofar as Plaintiff seeks to sue Valencia and Washoe County under 42 U.S.C. § 1983. The dismissal of Valencia and Washoe County should be without prejudice only insofar as Plaintiff may seek relief for ineffective assistance of counsel via a direct appeal of his conviction, State habeas proceeding or federal habeas proceeding after he has sought and is denied habeas relief in State court. This action should be administratively closed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 3, 2022

_____
Craig S. Denney
United States Magistrate Judge

9