UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL BERRY,<br><br>　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:22-CV-00079-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Michael Berry brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 15), recommending Plaintiff's IFP application (ECF No. 12) be granted, his complaint (ECF No. 1-1) be filed, that this action be dismissed with prejudice as to defendants Lucia, the State of Nevada, the Division of Parole and Probation, and Washoe County and Valencia insofar as Plaintiff seeks to sue Washoe County and Valencia under 42 U.S.C. § 1983. Insofar as Plaintiff seeks relief for ineffective assistance of counsel via a direct appeal of his conviction, State habeas proceeding, or federal habeas proceeding after he has exhausted State court remedies, Magistrate Judge Denney recommended dismissing Valencia and Washoe County without prejudice. Plaintiff had until August 17, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, grants Plaintiff's IFP application, and dismisses defendants Lucia, the State of Nevada, and the Division of Parole and Probation with prejudice. The Court additionally dismisses Plaintiff's action against Washoe County and Valencia with prejudice insofar as

Plaintiff seeks to sue these defendants under 42 U.S.C. § 1983, and without prejudice insofar as Plaintiff seeks relief for ineffective assistance of counsel.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Magistrate Judge Denney did not clearly err. I incorporate Magistrate Judge Denney's analysis by reference here. (ECF No. 15). Here, Plaintiff sues the State of Nevada, state prosecutor Travis Lucia, his trial counsel Lorena Valencia, Washoe County, and the Division of Parole and Probation. (ECF 1-1 at 2). Plaintiff first alleges Deputy District Attorney Travis Lucia violated his rights by recommending a consecutive sentence—a recommendation which contravened the plea agreement which provided for a concurrent sentence. Although the Nevada Supreme Court eventually altered Plaintiff's sentence to run concurrently, Plaintiff by that time had served an extra eight months in prison. Second, Plaintiff alleges his counsel—Lorena Valencia—failed to object to the breach of Plaintiff's plea agreement and violated his right to effective assistance of counsel. Plaintiff claims that Washoe County is responsible for providing him with ineffective counsel. Third, Plaintiff alleges that when he was improperly sentenced consecutively, his parole date was moved but Plaintiff was

never seen by the parole board and no parole decision was ever made. Plaintiff alleges that the Division of Parole and Probation violated Plaintiff's due process rights by not making a decision on his parole, causing Plaintiff to serve more time in prison.

The State of Nevada is both not a person for purposes of section 1983 and is immune from suit under the Eleventh Amendment. *See* U.S. Const. amend. XI; *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) ("§ 1983 actions do not lie against a State."). Therefore, this Court agrees with Magistrate Judge Denney's recommendation that the State of Nevada be dismissed with prejudice.

State prosecutor Travis Lucia is immune from suit under section 1983 for recommending a sentence, a function "intimately associated with the judicial phase of the criminal process." *Garmon v. Cnty. of Los Angeles*, 828, F.3d 842 (9th Cir. 2016) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). Therefore, this Court agrees with Magistrate Judge Denney's recommendation that Lucia be dismissed with prejudice.

Acting in the role of advocate, former defense counsel Lorena Valencia is not a State actor under section 1983 as a public defender or private attorney. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992) ("a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant."); *Szijarto v. Legeeman*, 446 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("an attorney, whether retained or appointed, does not act 'under color of state law.'"). Therefore, this Court agrees with Magistrate Judge Denney's recommendation that Valenica be dismissed with prejudice insofar as Plaintiff sues Valencia under section 1983.

Plaintiff may, however, assert a Sixth Amendment ineffective assistance of counsel argument against Valencia in a direct appeal, post-conviction or habeas proceeding, but not in an action pursuant to section 1983. *See Nelson v.*

3

*Campbell*, 541 U.S. 637, 643 ("§1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."). Therefore, this Court agrees with Magistrate Judge Denny's recommendation that Plaintiff's ineffective assistance of counsel claims against Valencia be dismissed without prejudice.

As Washoe County is a municipality, and municipalities may not be sued under a *respondeat superior* theory, this Court agrees with Magistrate Judge Denney's recommendation that Washoe County be dismissed with prejudice, except insofar as Plaintiff's ineffective assistance of counsel claim may be raised through the mechanisms described above, in which case dismissal is without prejudice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under §1983 on a *respondeat superior* theory.").

Finally, Nevada's Division of Parole and Probation is an agency that is an arm of the state and is therefore immune from suit under section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Because "parole board officials are entitled absolute immunity for parole board decisions," leave to amend to identify individual officials would be futile. *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004). Therefore, this Court agrees with Magistrate Judge Denney that Plaintiff's complaint should be dismissed with prejudice as to the Division of Parole and Probation.

In sum, this Court agrees with Magistrate Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Denney's Report and Recommendation (ECF No. 15) is accepted and adopted in full.

IT IS FURTHER ORDERED that Plaintiff's IFP application (ECF No. 12) is GRANTED. Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $14.76, within thirty days of this order. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed or is otherwise unsuccessful.

IT IS FURTHER ORDERED that the Clerk send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, Nevada 89702.

IT IS FUTHER ORDERED that the Clerk FILE the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the action be DISMISSED WITH PREJUDICE as to Lucia, the State of Nevada, and the Division of Parole and Probation. The action should be DISMISSED WITH PREJUDICE insofar as Plaintiff seeks to sue Valencia and Washoe County under 42 U.S.C. § 1983. Valencia and Washoe County are DISMISSED WITHOUT PREJUDICE only insofar as Plaintiff may seek relief for ineffective assistance of counsel via a direct appeal of his conviction, State habeas proceeding, or federal habeas proceeding after Plaintiff has sought and is denied habeas relief in State court.

IT IS FUTHER ORDERED that this action be administratively closed.

IT IS SO ORDERED.

DATED THIS 19th Day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE